UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MENDEL REIZES
on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

          -against-


NATIONAL CREDITORS COLLECTION, INC.

                          Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Mendel Reizes seeks redress for the illegal practices of National Creditors Collection, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Lake Forest, California.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Mendel Reizes*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. The alleged debt was a time barred debt that Caliber Home Loans was collecting, which had fallen into default status sometime in 2009.

11. Defendant obtained this loan and was seeking to collect on it after it went in to default and became time barred.  The default on this loan occurred prior to the Defendant's servicing of the loan.

12. The actions of Defendant are covered under the FDCPA since the debt at issue was acquired and serviced by defendant after the customer defaulted on the loan in question.

13. Upon information and belief, on a date better known by Defendant, the Creditor, Caliber Home Loans, assigned the defaulted time barred loan to Defendant NCCI for collection.

14. Defendant sent Plaintiff a letter (see attached exhibit) dated February 21, 2017 wherein the said notice stated:

> "The amount of the debt is $288,755.95.*
>     Please note we were advised by Caliber Home Loans of the amount of the debt as of 02/21/2017, and it does not reflect recent payments, credits or other adjustments since that date. Please contact Caliber Home Loans to obtain the most updated information."

15. HSBC accelerated the note and mortgage on March 6, 2010.  See. <u>Deutsche Bank Natl.</u>

Tr. Co. v. Royal Blue Realty Holdings, Inc., 2017 NY Slip Op 01979, ¶ 2, 148 A.D.3d 529, 530, 48 N.Y.S.3d 597, 597 (App. Div.). ("The letters from plaintiff's predecessor-in-interest provided clear and unequivocal notice that it "will" accelerate the loan balance and proceed with a foreclosure sale, unless the borrower cured his defaults within 30 days of the letter. When the borrower did not cure his defaults within 30 days, all sums became immediately due and payable and plaintiff had the right to foreclose on the mortgages pursuant to the letters. At that point, the statute of limitations began to run on the entire mortgage debt.")

16.  It is well established that even if a mortgage is usually payable in monthly installments, once the entire amount becomes due, the mortgage debt is accelerated and the Statute of Limitations begins to run on the entire debt."  See EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 (2nd Dept. 2001); Wells Fargo Bank, N.A. v Burke, supra 94 AD3d at 982; *see also* Lavin v Elmakiss, 302 AD2d 638, 639(3'd Dept. 2003); Zinkerv Makler, 298 AD2d 516, 517 (3rd Dept. 2003).

17.  On March 6, 2016, the Statute of Limitations ran out on this debt making this debt time-barred, which in effect barred the Creditor HSBC, or any debt collector, from taking or threatening to take legal action to make the Plaintiff pay this debt any time after March 6, 2016.

18.  New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

19.  On or about February 21, 2017 Defendant sent the Plaintiffs a collection letter seeking to collect the time-barred debt.

20.    The Defendant failed to mention in the February 21, 2017 communication, that the debt was time-barred.

21.    Defendant could also not accumulate any interest or fees with regard to this time-barred debt and certainly could not charge the Plaintiff for the accrual of any such forbidden fees or charges.

22.    The February 21, 2017 letter omitted important mandatory disclosures, including § 2-191 of the Rules of the City of New York's notification requirement for time-barred debts.

23.    The February 21, 2017 letter said nothing about when the debt was incurred, and it contained no hint that the six-year statute of limitations applicable in New York had long since expired.

24.    The original Creditor accelerated the entire debt making the debt time-barred six years from the original default date.

25.    In the State of New York, the statute of limitations to sue on a mortgage or the note is six years after the demand of the entire amount due.

26.    Thus, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f by misrepresenting the legal status, making it liable to the Plaintiff.

27.    "The statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." [1]

28.    Once a mortgage debt is accelerated by a demand for the entire amount of the loan, the

---

[1] In re Strawbridge, 2012 U.S. Dist. LEXIS 29751, 2012 WL 701031 [SDNY 2012], citing Plaia v Safonte, 45 AD3d 747, 748, 847 N.Y.S.2d 101 [2d Dept 2007]; Zinker v Makler, 298 AD2d 516, 517, 748 N.Y.S.2d 780 [2d Dept 2002]; Notarnicola v. Lafayette Farms, Inc., 288 AD2d 198, 199, 733 NYS2d 91 [2d Dept 2001]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605, 720 NYS2d 161 [2d Dept 2001]; Loiacono v. Goldberg, 240 AD2d 476, 477, 658 NYS2d 138 [2d Dept 1997])

borrower's right to make monthly installments ceases, all sums becomes immediately due and payable, and the six-year statute of limitations begins to run on the entire mortgage debt.[2]

29. New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

30. The entire loan became due on March 6, 2010 and the debt became time barred on March 6, 2016.

31. The Statute of Limitations to collect on this debt expired on March 6, 2016, therefore, misrepresenting the legal status and threatening legal action on this time-barred debt is a violation of the FDCPA.

32. Upon information and belief, the Defendant knew that this deceptive debt collection technique would be particularly effective in pressuring unsophisticated consumers into settling debts, even those that would otherwise be time-barred.

33. Moreover, upon information and belief, the Defendant knew that if it tricked a consumer into making just one payment on a stale, time-barred debt, the statute of limitations would restart.

34. When collecting on a time-barred debt, a debt collector must not misrepresent the legal status of the debt in any way.

35. When collecting on a time-barred debt, a debt collector must inform the consumer that (a) the collector cannot sue to collect the debt; and (b) providing a partial payment would revive the Defendant's ability to sue to collect the balance.

---

[2] See Federal National Mortgage Assn v Mebane, 208 AD2d 892, 894, 618 NYS2d 88 [2d Dept 1994]; Clayton Nat'l, Inc. v Guldi, 307 AD2d 982, 763 N.Y.S.2d 493 [2d Dept 2003]).

36.    The Defendant attempted to collect on a time-barred debt, whose Statute of Limitations had admittedly already run out without disclosing that the debt was time barred.

37.    It is part of the Defendant's pattern and practice to send and cause the sending of letters, such as the said letter, that seek to collect time-bared debts and to not disclose that the debts are in fact time barred.

38.    The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a debt collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the debt collector can sue the consumer in court to collect that debt."

39.    On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf.  The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

40.    Courts have also held that even a debt collector's mere "settlement" offer made to a consumer on a time-barred debt is misleading.[3]

41.    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to

---

[3] See e.g., McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014).

ensure compliance with the law.

42.    Upon information and belief, Defendant sent a written communication, such as the

February 21, 2017 letter to at least 50 natural persons in the State of New York within

one year of the date of this Complaint.

43.    Section 1692e of the FDCPA states:

"A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any
debt. Without limiting the general application of the foregoing,
the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt[.]"

44.    Sections 1692e(5) and 1692e(10) state that a debt collector cannot "threaten to take any

action that is not intended to be taken" or use "any false representation or deceptive

means to collect or attempt to collect any debt."

45.    The Defendant misled the Plaintiff as to what possible action might be legally taken

against them and deceptively used this threat in attempting to collect on this alleged

debt.

46.    In so doing, the Defendant preyed upon the ignorance of unsophisticated consumers.

47.    By employing the tactics it did, the Defendant played upon and benefitted from the

probability of creating a deception.

48.    Honest disclosure of the legal unenforceability of the debt, and collection action due to

the time-lapse since the debt was incurred would have foiled Defendant's efforts to

collect on the debt.

49.    Said letter provided a false, deceptive, or misleading representation or means in

connection with the collection of any debt and for the false representation of the

character, amount, or legal status of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).[4]

50. The Defendant's conduct aggravated and harassed the Plaintiff.

51. The Defendant knew or should have known that its actions violated the FDCPA.

52. On or about February 21, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

53. Said February 21, 2017 letter failed to identify the name of the current creditor in violation of §§ 15 U.S.C. 1692e, 1692e(10) & 1692f.

54. The letter mentioned an entity by the name of Caliber Home Loans, which is in fact the servicer. The servicer is not the creditor.

55. The said letter does not comply with 1692g, in that it does not disclose the name of the creditor (the servicer is not the creditor) or the amount of the debt.

56. 15 U.S.C. § 1692e provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

---

[4] Buchanan v. Northland Grp., Inc., 776 F.3d 393 (6th Cir. 2015). (A misrepresentation about the limitations period is a "straightforward" violation of § 1692e(2)(A). The failure to disclose that partial payment on a time-barred debt would renew the creditor's ability to sue could mislead a consumer into paying and digging herself into a deeper hole. An unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. This would not be true, since some payment is worse than no payment, as the general rule in Michigan is that partial payment restarts the statute of limitations clock, giving the creditor a new opportunity to sue for the full debt. In response to the argument that the court's interpretation would require debt collectors to give legal advice to every debtor about the statute of limitations, the court stated that "this is not a herculean task," as demonstrated by the fact that the collection agency had changed its letters to make the following disclosure under applicable circumstances: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding L.L.C. will not sue you for it, and LVNV Funding L.L.C. will not report it to any credit reporting agency."), McMahon v. LVNV Funding, L.L.C., 744 F.3d 1010 (7th Cir. 2014). (The court held that the consumers stated claims for relief under §§ 1692e and 1692f where the defendants sent dunning letters that did not disclose that the debts were time-barred and that made an "offer to settle" at a stated percentage savings off the current balance because, even without an actual threat of suit, "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable.") Rawson v. Source Receivables Mgmt., L.L.C., 2012 WL 3835096 (N.D. Ill. Sept. 4, 2012) (complaint alleging that a dunning letter implied the debt was legally enforceable when it was actually barred by the statute of limitations stated a claim under the FDCPA; defendants' letter that threatened "further collection efforts" and encouraged the plaintiff "to make arrangements for payment" could arguably lead an unsophisticated debtor to believe that the debt was legally enforceable)

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57.    A collector violates the Act by failing to disclose the name of the current creditor. It is deceptive to demand payment of a debt when the unsophisticated consumer would not recognize to whom the debt is owed.

58.    Failing to identify the creditor is confusing to the consumer when the collection agency did not specify who the owner that owned the debt is.[5]

59.    How much more so in the case of the said letter should the Defendant be held liable; for its letter to the Plaintiff is deceptive and harassing per se in that it wholly secreted the identity of the creditor.

60.    The debtor is left utterly confused and in the dark, as to who the alleged debt that the Defendant is collecting upon is owed to.

61.    Failing to state the name of the creditor falsely represents the character and legal status of the alleged debt in violation of § 1692e(2)(A) and § 1692e(10).

62.    By further failing to name the creditor, the Defendant failed to show the amount claimed was expressly authorized by contract as required by § 1692f(1).

63.    Obscure and inconsistent information, such as in the said letter, has the effect of compelling Plaintiff, and other least sophisticated consumers, to place return calls to the telephone number provided in the letter and to speak with their debt collectors, as the sole means of obtaining the identity of the creditor of their alleged debts.

---

[5] Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727, *23-24, 2011 WL 4344044 (S.D.N.Y. Sept. 7, 2011). ("Failing to Correctly Identify the Creditor States A Claim for Relief under Section 1692e(10)"), Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005). (granting plaintiff summary judgment in a 1692g(a)(2) claim and explaining that [t]he least sophisticated consumer would not deduce from reading the [c]ollection [l]etter the name of the creditor seeking collection), Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006). (denying motion to dismiss in 1692g(a)(2) claim where plaintiff alleged that defendants did not list the name of the creditor), Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009). (Concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor.)

64. Upon information and belief, it is the policy and practice of the Defendant to not disclose the name of the creditor, or the amount of the debt.

65. Defendant was previously sued in <u>Campo v. National Creditors Connection, Inc.</u>, 12-cv-1405-DRH-WDW (E.D.N.Y.) for the same such conduct.

66. Defendant violated 15 U.S.C. §§ 1692(g), 1692e, 1692e(10) & 1692f for the use of any false representation or deceptive means and the use of unfair or unconscionable means to collect or attempt to collect any debt.

67. Upon information and belief, the said February 21, 2017 letter was the Defendant's initial communication with the Plaintiff.

68. The said letter stated the balance due and then stated in part: "The amount of the debt is $288,755.95. *Please note we were advised by Caliber Home Loans of the amount of the debt as of 02/21/2017, and it does not reflect recent payments, credits or other adjustments since that date."

69. This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

70. The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

71. The letter does not provide any explanation or information about the claimed accruing interest and charges.

72. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must

give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

73. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

74. The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to <u>meaningfully</u> provide "the amount of the debt".

75. It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at given time in the future.

76. In <u>Carlin v. Davidson Fink LLP</u>, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

77. This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay to resolve the debt at any given moment in the future. The letter precluded a determination of what "the

amount if the debt" was on the date of receipt of the letter.

78. The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

79. The collection notice included a vague disclosure without providing any "clarity as to whether new fees and costs are accruing or as to the basis for those fees and costs." Carlin, 852 F.3d at 217.

80. Similar to Carlin, the Collection Letter, in this case, refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, it would be impossible to conclude whether those amounts are properly part of the amount of the debt," for purposes of section 1692g. Carlin, 852 F.3d at 216.

81. Further, as set forth in Carlin, without any clarifying details, the letter states only that these unspecified assessments may be added to the balance due, which the Second Circuit found to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time." Carlin, 852 F.3d at 217.

82. The Defendant did not refer the Plaintiff to the underlying agreement with the original lender. As was true in Carlin, the least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the said collection letter.

83. The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA,

since the collection letter failed to adequately convey the "amount of the debt".

84.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

85.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

86.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

87.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

89.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

90.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

91.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

92.    The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

93.    The letter fails to inform Plaintiff whether the amount listed already includes accrued interest.

94.    The letter fails to inform Plaintiff whether the amount listed already includes "credits or other adjustments."

95.    The letter fails to advise Plaintiff what portion of the amount listed is principal.

96.    The letter fails to inform Plaintiff whether the amount listed will increase.

97.    The letter fails to inform Plaintiff what "credits or other adjustments" might apply.

98.    The letter fails to inform Plaintiff if "credits or other adjustments" are applied, when such "credits or other adjustments" will be applied.

99.    The letter fails to inform Plaintiff if "credits or other adjustments" are applied, what the amount of those "credits or other adjustments" will be.

100.   The letter fails to inform Plaintiff of the nature of the "credits or other adjustments."

101.   The letter fails to inform Plaintiff if there is accrued interest, what the amount of the accrued interest will be.

102.   The letter fails to inform Plaintiff if there is accrued interest, when such interest will be applied.

103.   The letter fails to inform Plaintiff if there is accrued interest, what the interest rate is.

104.   The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per day.

105.   The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per week.

106.   The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per month.

107.   The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per any measurable period.

108.    The letter fails to indicate the minimum amount Plaintiff owed at the time of the letter.

109.    The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

110.    The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

111.    The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

112.    The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of 02/21/2017," at any time after receipt of the letter.

113.    The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

114.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

115.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

116.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

117.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

118.    If "credits or other adjustments" are continuing to accrue, the least sophisticated

consumer would not know the amount of the debt because the letter fails to indicate the nature of the "credits or other adjustments."[6]

119.    The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

120.    The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

121.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

122.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "credits or other adjustments" might apply.

123.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "credits or other adjustments" will be applied.

124.    Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

125.    The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

---

[6] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

126. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

127. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

128. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

129. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

130. The said February 21, 2017 letter was further deceptive and misleading as it merely identified the "amount of debt," yet failed to disclose that the balance may increase due to interest and fees.

131. The Plaintiff was left uncertain as to whether the "amount of debt" was accruing interest as there was no disclosure that indicated otherwise.

132. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

133. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "amount of debt" stated on the notice will not know whether the debt has been paid in full.

134. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

135. The statement of an "amount of debt", without notice that the amount is already

increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

136. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

137. Collection notices that state only the "amount of debt," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

138. The Plaintiff and the least sophisticated consumer would be led to believe that the "amount of debt" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

139. In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

140. A consumer who pays the "amount of debt" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

141. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

142.    A debt collector, when notifying a consumer of his or her account balance, must disclose

that the balance may increase due to interest and fees.

143.    15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading
representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following
conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer.

144.    The said letter is a standardized form letter.

145.    Upon information and belief, the Defendant's collection letters, such as the said

collection letter, number in the hundreds.

146.    Defendant's February 21, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)

and 1692e(10) of the FDCPA for the use of any false representation or deceptive means

to collect or attempt to collect any debt and for misrepresenting the amount of the debt

owed by the Plaintiff. Defendant's letter was further in violation of 15 U.S.C. §§

1692(g). On February 27, 2017, Caliber sent plaintiff a letter stating that the amount of

the debt was $619,888.36 more than double of this letter the amount stated in this letter.

147.    The amount of the time-barred debt in this letter was false and in violation of 1692g and

1692e.

148.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the

Defendant.

149.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

collection communications.

150.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

151.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

152.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

153.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

154.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

155.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

156.    As an actual and proximate result of the acts and omissions of National Creditors Collection, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

157.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through one hundred and fifty six (156) as if set forth fully in this cause of action.

158.   This cause of action is brought on behalf of Plaintiff and the members of three classes.

159.   Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about February 21, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

160.   Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 21, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

161. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 21, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10) 1692f and 1692f(1).

162. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

163.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

164.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

165.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

166.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

167.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
February 14, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)

**NOTICE**

Date: 02/21/2017

From: NCCI 14 Orchard Road Suite 100, Lake Forest, CA. 92630 (949)461-7592

Re: Account Number.: ****3411

Mendel Reizes

National Creditors Connection, Inc. ("NCCI") on behalf of Caliber Home Loans made or may have attempted to make contact with you to encourage you to contact them regarding the above referenced account. If you have not already done so please contact Caliber Home Loans to address the status of your account.

(1) The amount of the debt is $288,755.95.*
   * Please note we were advised by Caliber Home Loans of the amount of the debt as of 02/21/2017, and it
     does not reflect recent payments, credits or other adjustments since that date. Please contact Caliber
     Home Loans to obtain the most up to date information.

(2) The name of the creditor to whom the debt is owed is CALIBER HOME LOANS.

(3) Unless within thirty (30) days after receipt of this notice, you dispute the validity of the debt, or any portion of the debt, we will assume the debt to be valid.

(4) If you notify us in writing, within thirty (30) days after receipt of this notice, that the debt, or any portion of the debt, is disputed, we will obtain verification of the debt or obtain a copy of a judgment against you, and mail you a copy of such verification or judgment.

(5) If you notify us in writing, within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Bankruptcy Notice</u>: If you are currently in a bankruptcy proceeding or have received a discharge of the loan debt referenced above, this statement is being furnished for informational purposes only. It should not be construed as an attempt to collect against you personally. NCCI will take no steps to collect from you personally or against any collateral securing this loan, if applicable, while the bankruptcy's automatic stay remains in effect or if your liability on the debt has been discharged. If you are represented by an attorney, please provide this notice to your attorney.

STATE DISCLOSURES (if any):In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: (1) Supplemental security income (SSI); (2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty (60) days.

**THIS NOTICE IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT
A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**